IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| INMER CAMPOS-CARRANZA & JOSEPH AGYEMAN, *on behalf of themselves and others similarly situated* ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:16-cv-00120 (LMB/MSN) |
| ) | |
| CREDIT PLUS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT, DISMISSING CLAIMS WITH PREJUDICE, AND
AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

For the reasons below, Plaintiffs' Motion for Final Approval of Class Action Settlement, Dismissing Claims With Prejudice, and Awarding Attorneys' Fees, Costs, and Service Awards (ECF No. 74) is hereby GRANTED.

Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved. The Settlement Agreement and any capitalized, defined terms are hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

Based upon the Stipulation of Settlement and all of the files, records, and proceedings herein, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on February 17, 2017 at 10:00 a.m., of which the Class was notified by Court-approved, mailed notice. Counsel for the Parties appeared and no other Class Members were in attendance. Following that hearing, the Court makes the following findings and conclusions.

Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies the following Settlement Class:

> All consumers whom Credit Plus's records reflect had a current address in Virginia that Credit Plus sold a MERS Report where the mortgage status field indicated "inactive" from February 4, 2014 through September 19, 2016.

There are 18,735 individual consumers who comprise this Class.

The Court appoints the Plaintiffs, Inmer Campos-Carranza and Joseph Agyeman, as the Class Representatives. The Court has previously found adequate and appointed as Class Counsel Fed. R. Civ. P. 23(g)(1): Leonard A. Bennett and Craig C. Marchiando of Consumer Litigation Associates, P.C., and Kristi C. Kelly and Andrew J. Guzzo with Kelly & Crandall, PLC. The Court reaffirms that appointment.

Relative to this Class, the Court specifically finds:

a. The Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Class;

c. The claims of the Named Plaintiffs are typical of the claims of the Class that the Named Plaintiffs seek to represent;

d. The Named Plaintiffs and their Counsel will fairly and adequately protect the interests of the Class;

e. The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

f. Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

Through a Court-approved Settlement Administrator, the Parties notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the

proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached approximately 99% of the Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

The Court finds that the terms of the Settlement and the Settlement Agreement are fair, reasonable, and adequate, and in the best interest of the Settlement Class. Accordingly, the Settlement Agreement is finally approved and shall govern all issues concerning the Settlement and all rights of the Parties, including Settlement Class Members. The Court finds that the Settlement provides Class Members with genuine cash relief in exchange for a proportionate release of claims.

No Class Members have objected to the Settlement in writing, and none raised oral objections at the Fairness Hearing.

Four Class Members have timely and validly excluded themselves from the Settlement. Those individuals are listed in Exhibit A to this Order, and will not be bound by the Settlement or any of its terms.

Having considered Plaintiffs' request for the agreed-upon Service Awards of $5,000 each for the Named Plaintiffs, the Court concludes that the awards are appropriate. No Class Members have objected to the request, and Defendant does not oppose it. Such awards are commonplace in class actions in this District and elsewhere, and the Court finds Plaintiffs have earned it by prosecuting this case, answering discovery, and keeping up-to-date on the case status through conferences with their Counsel. The Court orders the $10,000 payment for the Service Awards to be made from the Settlement Fund.

The Court likewise concludes that Plaintiffs' Counsel's requested attorneys' fees of $225,000, which includes $31,070 in costs, is reasonable and should be awarded. The award is to

be separately paid from the Settlement Fund. Class Counsel's estimated lodestar accumulated in this case exceeds $168,000, resulting in modest multiplier of 1.33. With the inclusion of costs, the total fees and costs incurred by Class Counsel is just over $200,000, resulting in an even lower multiplier of 1.13. No Class Member has objected to the proposed award, and the Defendant does not oppose it. Courts in this District and across the country award amounts in common-fund class actions, and this case is no different.

Defendant has confirmed that it sent to the appropriate Class Action Fairness Act ("CAFA") notices on October 12, 2016. There were no objections or comments from the government officials to whom CAFA notice was sent.

The Court hereby retains jurisdiction over the Parties and the Classes to ensure the effective administration of the Settlement.

Plaintiffs' claims, and those of Class Members not listed in Exhibit A to this Order, are hereby dismissed with prejudice in accordance with the Settlement Agreement.

IT IS SO ORDERED.

Dated: February 17, 2017

/s/ _____
Leonie M. Brinkema
United States District Judge



Campos-Carranza v. Credit Plus
1/27/2017

## FINAL EXCLUSION LIST - 4 CLASS MEMBERS

| Ref Number | Primary Name | Second Name |
|---|---|---|
| 34697980 | JASON DALY | KRISTA MAIZEL |
| 34923022 | MATTHEW C. PARLATORE | |
| 35332380 | CAROLINE COOPER | |
| 35355210 | MIGAL WOLDETENSAE | |

# EXHIBIT A